DAVID CLARKSON, Trustee and Executor, *vs.* CAROLINE C. PELL, Administratrix, *et als.*

Testamentary gift in trust to pay net income, one half to testator's wife, A., and the other one half to testator's two sons, D. and L., in equal shares during the life of A. On the death of A. the whole trust property to be conveyed equally to the sons, D. and L., and their respective heirs, discharged from the trusts.

A., D., and L. survived the testator. Subsequently D. died while A. was still living.

*Held,* that D. and L. took vested remainders in fee in the trust estate.

*Held,* further, that the gift of one fourth of the income to be paid to D. during the life of A. vested in D. on the testator's death, and, on the death of D. intestate, passed to his personal representatives.

The trust estate was partly personalty subject to the jurisdiction of this court, partly realty situated in New York. The court confined its decision to the income of the personalty, and expressed no opinion as to the income of the realty.

BILL IN EQUITY for instructions as to the interpretation of the fourth clause of the will of Duncan C. Pell, proven before the Probate Court of Newport, February 24, 1874.

The clause in question is as follows: —

"*Fourth.* I give, devise, and bequeath unto said David Clarkson and Duncan A. Pell and their successors, and to the survivor of them and his successors, all the rest, residue, and remainder of my property and estate, of every kind, real, personal, and mixed, wheresoever situated or being, of which I shall die seized or possessed, whether acquired prior or subsequent to the making hereof. In trust nevertheless and to the uses and for the purposes following, viz.: to hold, invest, and keep invested the same as safely and profitably as may be, and to apply and pay the net rents, profits, and income thereof (reserving sufficient for repairs, taxes, and necessary improvements and expenses), as often as they accrue, as

follows, viz.: one half thereof to my said wife, Anna Pell, and the other half equally to my two sons, Duncan Archibald Pell and Leslie Pell Clarke, for and during the life of my said wife; and in further trust at the decease of my said wife to pay, transfer, and convey the whole of said trust property equally to my said sons and their respective heirs absolutely and in fee simple, discharged from these trusts: provided, that until said Leslie is twenty-one years old, only one thousand dollars a year (or *pro ratâ*) shall be paid to him, and the surplus of income of his share shall be held by said trustees, invested, and accumulated for his special benefit, and paid to him when he arrives at said age."

Both Duncan Archibald Pell and Leslie Pell Clarke survived the testator. Duncan Archibald Pell died intestate October 21, 1874, a resident of the State of New York, leaving a widow and three children.

All the real estate devised by the fourth clause of the will of Duncan C. Pell is situated in New York. The personalty held by the complainant as trustee is subject to the jurisdiction of this court.

*Providence, February* 20, 1892. PER CURIAM. Our opinion in relation to the first question propounded by the complainant is, that so much of the one fourth of the income arising from the trust estate held by him under the fourth clause of the will of Duncan C. Pell, accrued and to accrue from and after the death of Duncan Archibald Pell during the life of Anna Pell, and which would have been payable to said Duncan Archibald Pell if he had survived, as has been and shall be derived from *personal estate*, is payable to the personal representative of said Duncan Archibald Pell.

As Duncan Archibald Pell survived the testator, the gift to him of the one fourth of the income during the life of Anna Pell vested in him on the decease of the testator. Being a vested gift, and the will containing no limitation over in case of his death, it passed, on the happening of that event, to his personal representative. *Little's Appeal*, 81 Pa. St. 190, cited by counsel, is a parallel case. In that case the testator gave the income of his estate during the life of his daughter Elizabeth, or, while she remained unmarried, to his two daughters, said Elizabeth and Martha; two

thirds to the former and one third to the latter. Martha died during the life of Elizabeth, and while Elizabeth was unmarried. The principal of the trust estate, which consisted of personalty, was not to be distributed until after the death or marriage of Elizabeth. There was no gift over of Martha's share of the income in case of her death. The court held that the gift to Martha was a vested gift, and that upon her death during the life of Elizabeth, and while Elizabeth was unmarried, her one third of the income passed to her legal representative.

The bill does not state the nature of the property from which the income of the trust estate is derived. The brief of counsel for the respondents states that it is derived partly from personalty, and partly from realty in New York. The case has been argued upon the assumption that the income from the real estate held by the trustee is subject to the same rule of disposition as the income from the personalty. No testimony has been submitted as to the law of New York applicable to the disposition of the income or rents of real estate in New York held *pur autre vie*, upon the decease of the holder during the life of the person for whose life the estate is held. In the absence of such testimony, and the question not having been argued by counsel, we are not prepared to decide whether so much of the one fourth of the income of the trust estate held by the complainant, accrued and to accrue during the life of Anna Pell, which would have been payable to Duncan Archibald Pell had he survived, as has been and shall be derived from realty in New York, is payable to his personal representative or his heirs at law.

Our opinion in reference to the second question propounded is, that the testator's two sons, Duncan Archibald Pell and Leslie Pell Clarke, under the fourth clause of the will of Duncan C. Pell, took vested remainders in fee in the trust estate created by said fourth clause. In support of this opinion we deem it unnecessary to do more than to refer to the following cases: *Staples & Pearce, Trustees,* v. *De Wolf et als.* 8 R. I. 74; *Rogers* v. *Rogers,* 11 R. I. 38.

*Arnold Green,* for complainant.

*Samuel R. Honey,* for respondents.