CASE 111—MANDAMUS—JUNE 16.

# Stone, Auditor v. Saunders.

APPEAL FROM FRANKLIN CIRCUIT COURT.

1. JURY—PANEL.—Under section 2243, Kentucky Statutes, providing for the creation of a panel of petit jurors, the panel consists of twenty-four and not thirty jurors.
2. SAME—CERTIFICATE OF THE COURT TO JURY LISTS CONCLUSIVE.— Jurors who are sworn to serve more than one day are entitled to pay under the new statute, and in the absence of anything in the record to rebut the presumption which the order of the court carries with it, the amount ordered by the court to be paid to the jurors will be taken as correct.

W. S. TAYLOR, ATTORNEY-GENERAL, AND M. H. THATCHER FOR APPELLANT.

Under the Act of May 22, 1893, ch. 74., Ky. Stats., the panel of petit jurors consists of twenty-four and not thirty. Ky. Stats., ch. 74, secs. 2243, 2246, 2248; Genl. Stats., ch. 62, art. 2, sec. 1; also art. 4, secs. 1, 2, 3, 4, 5, 6, 7, 8, 9; Ky. Con., sec. 248.

W. L. BRONAUGH FOR APPELLEE.

1. The trustee of the jury fund having paid the jurors under the order of court is not required to lose the money even if the order of court was erroneous.
2. The circuit court has a right under the present jury law to keep a panel of thirty jurors. Ky. Stats:, secs. 2243, 2246, 2264.

CHIEF JUSTICE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The question on this appeal is whether the regular panel of the petit jury, as provided by the act of May, 1893 (chapter 74, Kentucky Statutes), shall consist of twenty-four or of thirty members.

The old law provided that the jury commissioners, at a given term of court should select one hundred persons, or less if so directed by the circuit judge, to serve as petit jurors at the next term of court; and from a box containing the names of

these possible jurors the commissioners were to draw "the names of thirty persons, one by one, and record the same," etc. This list was to be opened within thirty days of the next term, and the sheriff, at least three days before the first day of the term, was to summon the persons named thereon "to attend on the second day of the term as petit jurors;" and then follows this provision: "The list shall be returned by the sheriff on the first day of the term, with a certificate thereon of the date and manner in which each juror was summoned, from which list twenty-four shall be selected from those summoned in the order in which their names appear thereon, who shall compose the regular panel."

When our lawmakers, in 1893, came to revise the manner of selecting juries, they undertook to gather together or unite the somewhat fragmentary and independent provisions respecting grand and petit juries found in our law, and make the same provisions cover the mode of selecting both grand and petit jurors. After providing for the placing of a number of names, written on slips, in a prescribed drum or wheel case, the provisions of the law pertinent to the question involved here are that the commissioners (section 2242, Kentucky Statutes), or the judge (section 2243, Id.), shall draw therefrom a sufficient number of names to procure twenty persons, qualified, as hereinafter provided, to act as grand jurors, and these names were to be placed in a list, from which list the next grand jury for the county should be impaneled as thereinafter directed. The drum or wheel case was then to be revolved or shaken up, and the commissioners were "to draw therefrom, one by one, the names of thirty persons, and record the same," etc., and "from which list of thirty names the next petit jury

for said county should [shall] be selected and impaneled," etc.

The language of section 2243 is, "From the list of twenty names the next grand jury shall be drawn, and from the list of thirty names the next petit jury shall be drawn as hereinafter directed."

Section 2246 then provides for the opening by the clerk of the envelopes containing the two lists, and the summoning of the jurors, and the return of the sheriff; "from which lists, respectively, the regular panels of the grand and petit juries shall be selected in [the] order in which their names appear."

A succeeding section (2248), provides that "a grand jury shall consist of twelve persons," etc., but there is no fixed law fixing the number of the panel of the regular petit jury, although a subsequent section (2252), provides that "a petit jury in the circuit court shall consist of twelve persons."

A provision is also found (section 2247) to the effect that the judge during the term, if the regular panel is for any reason exhausted, may draw from the drum or wheel other persons to act as grand or petit jurors. These provisions seem to be the only ones, either of the old or the present law, possibly affecting the question. It is to be understood at the outset that by the expression "regular panel" is to be meant the number of persons who are to constitute the regular attendance of the court during the term as regular jurors; that is, as the "standing jury." This panel or standing jury, we are to remember, is to be obtained from the list of thirty names, and the names of these standing jurors are to be *selected in the order in which their names appear on the list of thirty*. If, as

contended by appellee, the implication is strong that the entire list of thirty is to constitute the regular panel because the new law omits the words, "from which list twenty-four are to be selected," which are found in the old law, it seems to us clear that this implication must go for nothing when we consider the necessary force of the language, "from which lists [of thirty] the regular panels of the grand and petit juries shall be selected in the order in which their names appear thereon." This is wholly inconsistent with the contention that the regular panel shall consist of the entire list of thirty. At most, the omission of the word "twenty-four" in the law would leave the number not fixed, but it must still be true that the number must be something less than thirty, because it was from the list of thirty, beginning at the top of the list and going down, that the requisite number was to be drawn,—a process bordering on an absurdity if the entire list was to be taken. It would be wholly absurd to say, "Take the panel from the list, but take it in the order in which the names appear on the list," if the entire list was to be selected. The result, appellee contends for—that is, the selection of the entire list—would be obtained as well by commencing at the bottom and going up, or commencing at the middle and going each way. Admitting, then,—and it is true,—that the only conclusive result of our reasoning, based upon the language of the statute, is that the number of the regular panel is something less than the list of thirty, it still remains to find the number that the lawmakers had in view when this statute was enacted. In our opinion, as the number of the regular or standing petit jury had been for very many years, twenty-four, no change was intended. The omission of the number was likely the result of

908      KENTUCKY REPORTS.      [Vol. 106

the attempt to provide in the same clause or sentence for both grand and petit juries. The words "regular panel for the term or standing jury" had come to have, we think, a fixed meaning in the minds of all, and the number, twenty-four, was a part and parcel of that meaning. As the new statute left the number unnamed, we must look to the old law, and the general meaning of the words "regular panel" as crystallized in the public mind, to ascertain the num- ber meant by the lawmakers to compose such panel. The same process must have been resorted to as to the meaning of the words "regular panel of the grand jury" and in the ascertainment of the number to compose it, except that, as the Constitution provided a change from the old number, sixteen, to twelve, the statute, of course, followed the organic law. It is said that when the list of thirty was selected the language of the law is that these thirty are drawn from the drum or wheel "to act as petit jurors;" but the inference can hardly be drawn from this that they were to act whether or no. The old law provided for the names of 100 "to serve as petit jurors," and for a list of thirty, which should con- stitute "a list of the standing jury," and the sheriff was to summon these thirty to attend "as petit jurors;" nevertheless there were to be only twenty-four who should compose the regular panel. General Statutes, chapter 62, article 4, sections 4-6. The language as to the grand jury in the new law is, "The judge of the court shall draw the names of twenty persons qualified as hereinafter prescribed, to act as grand jurors," etc., and this is but to say that the names of twenty qualified per- sons were to be drawn "to act as grand jurors." Again in the old law and in the new we are to note as significant

that a greater number is always provided for attendance on the court than is actually needed. The reason is obvious. Some may be disqualified as grand jurors; some may be disqualified as petit jurors; and others on both lists may fail to attend, or, attending, may be excused. So it is that twenty in the one case and thirty in the other are to be summoned, so that the business may not be delayed by resort to the drum or wheel; and we therefore conclude that the regular panel—the standing jury —for the term shall be composed of twenty-four members.

It does not follow from this, however, that the amount ordered by the circuit court to be paid by the appellee, trustee of the jury fund, to the jurors in attendance at the Jessamine Circuit Court at its March term, 1898, is not to be paid by the appellant. If jurors are sworn, and serve more than one day, they are entitled to pay, under the express language of the statutes; and there is nothing in the record before us to rebut the presumption the order of the court carries with it that the amount due the jurors is correct. It is not material whether the juror, while serving, is called a member of the regular panel or is a bystander. If he serve under the orders of the court, he is entitled to pay.

Judgment affirmed.