## GeBurk v. Commonwealth.

(Decided April 16, 1913.)

### Appeal from Bell Circuit Court.

1. Criminal Law—Jury May Be Selected From Bystanders.—In a criminal case when the regular panel has been exhausted by challenge the judge may direct that bystanders be selected to fill the vacancies.

2. Evidence—Witness May Be Asked If He Has Been Convicted of a Felony.—It is admissible to show by a witness whether he be a defendant or not that he has been convicted of a felony, but when such a question is asked the judge should admonish the jury that it is only competent for the purpose of affecting the credibility of the witness.

LEWIS F. DE BUSK, P. HERBERT SPENCER for appellant.

JAMES GARNETT, Attorney General, D. O. MYATT, Law Clerk for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In a drunken brawl, the appellant, after first beating his wife, shot and killed her. For this crime he was indicted, tried and sentenced for life. His defense was that the shot that killed his wife was fired accidentally in a scuffle between them over the possession of the pistol, but the jury thought differently.

Counsel for appellant insist that the decided weight of the evidence shows that the shooting was accidental. On the contrary, we think that it shows that it was intentional. Two witnesses testified that appellant knocked his wife down and beat and bruised her, and one witness states positively that he fired one shot at him and then turned and shot his wife, who was nearby. The only evidence in contradiction of this was given by the appellant, who denied that he either struck or beat his wife or intentionally killed her.

No specific objection is made to the instructions, although it is said generally that they are erroneous. We have read them carefully and find that they presented fairly to the jury the questions of murder, voluntary manslaughter and accidental shooting, these being the only subjects upon which the jury could have been instructed.

It also appears that, after the regular panel had been exhausted, counsel for appellant requested the court to

draw from the jury wheel names from which to complete the jury. This motion was overruled by the court, who directed the sheriff to summon bystanders. Aside from the fact that matters of this sort are not available on appeal, we find nothing objectionable in this practice; it is expressly authorized by section 2247 of the Kentucky Statutes, reading in part:

"If, in any criminal or penal cause or proceeding called for trial, the panel shall be exhausted by challenge, the judge may supply such jurors by drawing from the drum or wheel case, or may direct the sheriff to summon for the trial of that cause any number of bystanders or persons to fill such vacancies."

A witness who arrived on the scene a short time after the homicide was asked this question: "State whether or not that firearm that the bullet was fired from that killed the deceased, on the direction that the bullet hole was elevated, the handle of the gun was up or down?" Objection was sustained to this question, and it was avowed that the witness, if permitted to answer, would state "That the pistol was bound to have been elevated at least sixty degrees above the muzzle to have made such a wound as killed the deceased." The witness was not asked, and did not state, the relative position of the parties when the shot was fired, nor does the record show that he knew anything about it. Under the circumstances, we think the question was incompetent as well as immaterial.

On his cross-examination appellant was asked by counsel for the Commonwealth if he had been tried and convicted of a felony and sent to the penitentiary. The court, after admonishing the jury that the evidence was only competent for the purpose of affecting his credibility as a witness, overruled the objection to the question, and appellant answered affirmatively. It is admissible to show by a witness, whether he be a defendant or not, that he has been convicted of a felony. Civil Code, section 597.

It further appears that the appellant was recalled in his own behalf as a witness and was asked by his counsel if he had ever been sent to the penitentiary for killing anybody, and he answered, no. Thereupon counsel for the Commonwealth asked him if he had been sent there for robbery. To this question objection was made and sustained. This question, although improper, was in-

vited by the question of counsel for appellant, and was not, under the circumstances, at all prejudicial.

Another assigned error is misconduct of counsel for the Commonwealth in stating the case, as well as in argument. The alleged objectionable matter in the statement of the case consists in the fact that the attorney, in speaking of the conduct of appellant after the killing of his wife, called him a "drunken sot." The evidence shows that when the coroner and others went to the house, a couple of hours after the homicide, the wife of appellant was found lying dead on the floor in one room and the appellant was found in a drunken stupor in a bed in another room. The facts justified the remarks of counsel.

The Commonwealth's attorney, in his closing argument, said: "The proof showed that the deceased was a weak, frail woman; that the defendant struck the deceased with his fist, and, as she went down, he shot her, and that accounted for the direction of the bullet," to which statement objection was made, but the court failed to rule on it. We find no merit in this objection.

Appellant was defended by vigilant and competent counsel, but the minor matters mentioned are the only errors assigned, and, as no one of these appears to be substantial, the judgment of conviction is affirmed.