## Thurman v. Commonwealth.

(Decided June 20, 1913).

### Appeal from Allen Circuit Court.

1. Jury—Grand and Petit Jurors—How Obtained—Action of Trial Court Directing Sheriff to Summon Bystanders—Exhaustion of Regular Panel.—The action of the trial court in directing the sheriff to summon bystanders after the regular panel had been exhausted is expressly permitted by section 2247 of the Kentucky Statutes. That section seems to give the trial court the discretion either to draw the names from the drum or wheel case, or direct the summoning of bystanders.

2. Homicide—Oath to Sheriff and Deputies to Summon Jurors—Failure of Court to Administer Oath to Deputy.—As to the con-

tention that one of the deputy sheriffs who assisted in summoning bystanders was not sworn as required by section 2262 of the Kentucky Statutes, while it appears that the deputy sheriff referred to was not sworn at the beginning of the term when the sheriff and his other deputies were sworn, and that he did summon several who were examined as to their qualifications for jurors, there is nothing in the record to show whether any one of those summoned by this deputy was accepted as a juror.

3.   Homicide—Evidence—Conflict of—Instructions.—While there is an irreconcilable conflict as to whether appellant or deceased first renewed the difficulty that resulted in the killing of deceased, there was such evidence as justified the court in submitting this question which it did in carefully worded and well drawn instructions, and on the whole case no prejudicial error was committed upon the trial.

BRADBURN & BASHAM, O. M. HINTON, W. D. GILLIAM and J. TOM DURHAM for appellant.

JAMES GARNETT, Attorney General; D. O. MYATT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

Appellant was indicted at the April term, 1912, of the Allen Circuit Court charged with the murder of W. B. Roark, and upon his trial was convicted of manslaughter, and sentenced to the penitentiary.

In his motion and grounds for a new trial, he relies upon three alleged errors:

(1)   That the court erred to his prejudice in refusing after the regular panel of the jury had been exhausted to draw from the drum or wheel case a sufficient number of names to complete the jury; but on the contrary directed the sheriff to summon a sufficient number of bystanders for that purpose.

(2)   That one of the deputy sheriffs who assisted in summoning the bystanders was not sworn as required by section 2262 of the Kentucky Statutes.

(3)   That the verdict is not sustained by the evidence.

Appellant is a citizen of Tennessee, and deceased was a citizen of Allen County in this State, and they resided about fifteen miles from each other.

On the day of the difficulty appellant started from his home, as he says, for the purpose of procuring some whiskey for some members of his family who were ill with the measles. He first sought to procure the whiskey from some other parties near his home, but not suc-

ceeding, he went to the house of deceased. When he reached there deceased was not at the house, but was out on his farm. Upon the return of Roark to the house some time later, appellant made his request for the whiskey, and there seems to have been some hesitation upon the part of Roark to let him have it. This request was a little later renewed by appellant at the barn some little distance away from the whiskey house where it was first made. Appellant became urgent in his request at the barn, and Roark finally peremptorily declined to let him have the whisky, and ordered him to get off his premises. A difficulty between them followed, in which appellant was struck in the head with a rock, and in which Roark was shot in the left arm with a pistol. There was present at the difficulty in the barn one Carter, an employee of Roark.

The residence, barn and whisky house of deceased are located on the Scottsville and Gallatin pike. The whiskey house is south of the residence in the direction of Gallatin. The residence is between the barn and the whiskey house and near the pike, and the barn is about 150 yards north of the residence in the direction of Scottsville, and is about 50 or 60 yards from the pike; there is a foot path going from the barn to the residence running nearly parallel with the pike.

At the conclusion of the difficulty in the barn, appellant went out one way and proceeded hastily down the pike to where his horse was hitched near the whiskey house, while deceased and Carter took the foot path from the barn to the house.

Roark, when he and Carter reached the house, directed Carter to bring him his shotgun, which was done, and when he stepped to the corner of the house, or in view of appellant who was at or near the whiskey house, the difficulty was renewed. There were two shots from a shotgun and several shots from each side with pistols, Roark having also procured a pistol after reaching the house. Roark was fatally injured, from which he died within a few hours.

The evidence is very conflicting as to who began the second difficulty. It is the contention of appellant that after the trouble at the barn, he had in good faith abandoned the difficulty, had fled the field and was unhitching his horse with a view of immediately leaving, when Roark fired upon him from the house with the shotgun.

On the contrary, it is in evidence by several witnesses that the appellant opened the second difficulty, and had fired two shots from his pistol before Roark fired with the shotgun.

(1)   The action of the trial court in directing the sheriff to summon bystanders after the regular panel had been exhausted is expressly permitted by section 2247 of the Kentucky Statutes.   That section seems to give the trial court the discretion either to draw the names from the drum or wheel case, or direct the summoning of bystanders.   In so far as applicable, it is as follows:

"If, in any criminal or penal cause or proceeding called for trial, the panel shall be exhausted by challenge, the judge may supply such jurors by drawing from the drum or wheel case, or may direct the sheriff to summon for trial of that cause, any number of bystanders or persons to fill such vacancies." (Laughlin v. Commonwealth, 18 R., 640).

It was doubtless the purpose of the statute in giving this discretion, to enable circuit courts to proceed with the business without the delay which might be occasioned by summoning the jurors whose names should come out of the drum; and to facilitate business by summoning the bystanders who were already at or near the court-house in order that such delay might be avoided.

(2)   It appears that the court failed at the beginning of the term to administer the oath required by section 2262 of the Kentucky Statutes to one of the deputy sheriffs; and it is urged that in as much as this deputy participated in the summoning of the bystanders without having taken the statutory oath, the jury was not made up according to law.

It does appear that the deputy sheriff referred to was not sworn at the beginning of the term when the sheriff and his other deputies were sworn, and that he did summon several who were examined as to their qualifications for jurors; but there is nothing in the record to show whether any one of those summoned by this deputy was accepted as a juror.

Section 281 of the Criminal Code as amended by the Act of 1910 is as follows:

"The decisions of the court upon challenges to the panel, and for cause, or upon motion to set aside an indictment, shall not be subject to exception."

It appears that this question was first raised by appellant in the motion and grounds for a new trial; but if it had been made at the trial, and it had affirmatively appeared that some one or more members of the jury who were accepted and tried the case, had been summoned by the deputy who was not sworn, it would not have been within the power of this court under the provisions of the section quoted to review the action of the circuit court.

The challenge by appellant of such a juror would have necessarily been a challenge "for cause," and under the express terms of that section the action of the circuit court would not have been subject to exception. Curtis v. Commonwealth, 110 Ky., 845; Vinegar v. Commonwealth, 104 Ky., 106; Powers v. Commonwealth, 114 Ky., 237; Hendrickson v. Commonwealth, 146 Ky., 742; Lawson v. Commonwealth, 152 Ky., 113.

(3) We are free to confess that we have been somewhat impressed with the contention of appellant that the circumstances show that he in good faith had abandoned the difficulty after the first trouble in the barn, and that deceased was the aggressor in the second difficulty in which he was killed; but a careful examination of the evidence discloses an irreconcilable conflict as to whether appellant or deceased first renewed the difficulty. We are unwilling to say that there was not such evidence as justified the lower court in submitting this question. The rule that where there is any conflict in the evidence the issues must be submitted to the jury is too well known to call for elaboration.

These questions were all submitted to the jury in carefully-worded and well-drawn instructions which are not complained of.

On the whole case we see no prejudicial error.

Judgment affirmed.