Whole court sitting.

---

## Imperial Jellico Coal Company v. Bryant.

## Bryant v. Bank Coal Company.

(Decided February 10, 1916.)

### Appeals from Whitley Circuit Court.

1. Appeal and Error—Selection—Jury—Section 2247 Ky. Statutes.— A jury selected in violation of section 2247 of the Kentucky

Statutes furnishes grounds for reversal to the party saving exceptions thereto.

2. Mines and Minerals—Lessor Liable to Lessee for Injuries.—A lessor of a .mine is liable to the lessee and his employes for injuries resulting. from latent defects in the mine, only when he has actual knowledge of such defects and withholds it from the lessee.

3. Pleading—A petition which states that such a lessor knew or by the exercise of ordinary care could have known of such defects is not sufficient upon demurrer.

4. Appeal and Error—Failure to Instruct Jury.—That the trial court. did not instruct the jury in a civil case upon a question does not furnish grounds for reversal unless an instruction upon the question was offered by the party complaining.

TYE, SILER & GATLIFF for appellant, Imperial Jellico Coal Company, and for appellee, Bank Coal Company.

ROSE & POPE for appellant and appellee, Marion Bryant.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing in part, affirming in part.

On January 9, 1914, Marion Bryant was injured .by slate falling ·from the roof of the mine owned by the Imperial Jellico Coal Company, but being operated under a lease by the Bank Coal Company, in which said Bryant was engaged in removing the stumps and pillars left to support the roof when the mine was developed, which work is known as "robbing" the mine. Thereafter he instituted this suit in the Whitley Circuit Court seeking to recover for his injuries from both of said companies, alleging that the accident resulted from the negligence of said companies, and each of them, in failing to furnish him a safe place in which to do said work, and in failing to furnish him the necessary and proper kind of props to support the roof of the mine as required by law.

The two companies filed a joint answer denying the allegations of negligence in his petition and pleading contributory negligence. The affirmative allegations of said answer were traversed of record, and a trial by a jury resulted in a verdict and judgment for him against the Imperial Jellico Coal Company for $1,000, and a verdict and judgment against him in favor of the Bank Coal Company. The Imperial Jellico Coal Company is appealing from the judgment against it and he is appealing from the judgment in favor of the Bank Coal Com-

pany. The two appeals will be considered together as they result from the same judgment.

Appellant, Imperial Jellico Coal Company, is relying upon the following grounds for a reversal of the judgment against it: (1) That the court erred in not sustaining the challenge of the jury panel tendered it by the trial court, upon which panel there were conceded to be seven bystanders who had been summoned at one and the same time by the sheriff; (2) that the trial court erred in overruling its motion for a peremptory instruction at the close of all the evidence.

1. As the jury thus selected is a violation of Section 2247 of the Kentucky Statutes, and furnishes grounds for a reversal when the exception is saved as held by this court in the case of L. & N. R. Co. v. King, 161 Ky., 325, the judgment against the Imperial Jellico Coal Company will have to be reversed.

To decide the question raised by the other ground assigned as a reason for reversal of the judgment against said company would necessitate an expression of opinion upon the evidence, and in view of the fact that another trial may be necessary, we deem it advisable only to make such reference to said other alleged error as may conduce to a correct trial upon the return of the case, without expressing an opinion about the evidence.

2. Counsel for appellant company in arguing its right to a peremptory instruction urges that the allegations of the petition do not constitute a cause of action against it because it does not allege that it had actual knowledge of the defective condition of the stump upon which the plaintiff was working when injured, at the time it leased the mine to the Bank Coal Company. As the Imperial Jellico Coal Company under the allegations of the petition was the owner and lessor of the mine at the time of the accident, and appellee at that time was the employe not of it, but the Bank Coal Company, it was liable only if it knew of the defective condition of the stump at the time of the lease, and such defective condition was latent and could not have been discovered by the exercise of ordinary care; and, having this information, withheld it from the lessee. The liability of appellant to appellee was not that of master to a servant, for that relationship did not exist between them. Its liability, if any, is based upon the implied fraud of with-

holding from the lessee knowledge in its possession of the latent defect. It owed neither the lessee nor any of its employes any duty of inspection, and was liable to appellee and its employes only if it exercised bad faith with reference to the matter that caused appellee's injury when it leased the mine to the lessee. Franklin v. Tracy, 117 Ky., 274; Holzhauer v. Sheeny, 127 Ky., 32; Heindirk v. Louisville Elevator Co., 29 K. L. R., 194, and King v. Creekmore, 117 Ky., 172.

Hence the petition did not state a cause of action against this appellant if it did not state that appellant knew of this latent defect, but stated rather that it knew or could have known of it by the exercise of ordinary care. If appellant actually knew of it, it would be liable, but if it did not know of it, but could have known of it by the exercise of ordinary care, it was not liable.

The same objection applies to the instructions given by the court as they allowed a recovery if the jury believed from the evidence that appellant could have discovered the alleged latent defect by the exercise of ordinary care.

3. The sole objection of the plaintiff, Marion Bryant, to the verdict and judgment in favor of appellee, Bank Coal Company, presented by his counsel in brief, is that said company failed to furnish him with a sufficient number of caps and props of a proper kind to be used by him in bracing the roof of the mine as provided by sub-section 7, of section 2739b, of the Statute; that the failure consisted not in the number furnished, but in the kind furnished; that a part of those furnished were not sawed square at the end as required by statute. While it is true there was some evidence to the effect that some of the props were not sawed square at the ends, the proof does not show that Bryant needed to have selected, marked or used any prop not properly squared at the ends, as there were still at the entrance of the mine a great number of these props, supplied by the company, of which some were shown to have been defective, but the proof does not show that there were not enough good props in the pile to have supplied Bryant's full need. We are, therefore, of the opinion that even had he offered an instruction presenting this matter to the jury, and the court had refused to give it, that from the evidence in this case, we would have been unable to say that the refusal to give such an instruction was an error; however, the

matter is not so presented to us.   The appellant did not offer, and the court did not refuse, to give such an instruction, and even if counsel's contention were correct, he is not in a position to take advantage of it upon this record.

Louisville H. & St. L. Ry. Co. v. Roberts, 144 Ky., 820; East Tenn. Telephone Co. v. Cook, 155 Ky., 649.

Nor can said appellant be granted a reversal because of the improperly selected jury panel since he did not object thereto.

Wherefore, the judgment herein against appellant, Imperial Jellico Coal Company, is reversed, and the cause remanded, with directions to grant it a new trial. The judgment in favor of appellee, Bank Coal Company, is affirmed.