## Smith v. Commonwealth.

(Decided November 30, 1926.)

### Appeal from McCreary Circuit Court.

1. Criminal Law—Jury—Court's Direction, After Jury Wheel was Empty, for Sheriff to Summon Bystanders, Held Not Error, Nor in Any Event Reviewable (Kentucky Statutes, Sections 2247, 2266; Criminal Code of Practice, Section 281).—Court's direction that sheriff summon bystanders, from whom jury was selected after jury wheel was empty, held not error under Kentucky Statutes, sections 2247, 2266, and in any event not reviewable, in view of Criminal Code of Practice, section 281.

2. Criminal Law—Motion to Arrest Judgment Because Indictment was Never Returned or Filed in Court Held Properly Denied (Criminal Code of Practice, Sections 121, 276).—Motion to arrest judgment because indictment was never returned nor filed in court as required by Criminal Code of Practice, section 121, held properly denied, particularly in view of section 276.

3. Indictment and Information—Strict Compliance with Statute Relating to Presentment of Indictment to Court is Not Essential to Validity Thereof (Criminal Code of Practice, Section 121).—Criminal Code of Practice, section 121, relating to presentment of indictment to court, is merely directory, and strict compliance with it is not essential to validity of indictment.

4. Indictment and Information—Indictment Held Not Invalid Because Not Indorsed by Clerk as Presented to Court (Criminal Code of Practice, Section 121).—Failure of clerk to indorse indictment as having been presented to court as required by Criminal Code of Practice, section 121, held not to render it invalid.

5. Indictment and Information—Failure of Clerk to Indorse Indictment as Presented to Court Held Waived (Criminal Code of Practice, Section 121).—Failure of clerk to indorse indictment as presented to court as required by Criminal Code of Practice, section 121, held waived by defendant's waiver of arraignment and plea of not guilty.

JOHN W. SAMPSON, H. M. CLINE and HENRY C. GILLIS for appellant.

FRANK E. DAUGHERTY, Attorney General, CHAS. F. CREAL, Assistant Attorney General, and J. C. BIRD for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This is an appeal from a judgment convicting appellant of manslaughter and fixing his punishment at twenty-one years' imprisonment.

It appears that after a jury was selected some of the jurors were used in the trial of another case, and were permitted to separate from other jurors that had been accepted, and for this reason the trial court sustained appellant's motion to discharge the jury. The regular panel having been exhausted in the previous attempt to procure a jury, and the jury wheel being empty, the court ordered the sheriff to summon several bystanders from whom the jury was selected, and of this appellant complains.

Section 2266, Kentucky Statutes, provides:

"In criminal cases, where the defendant is entitled to a peremptory challenge of more than four jurors, the clerk, under the direction of the court, shall draw from the box twelve names, who shall compose the jury to try the cause, unless some one or all of them shall be challenged, in which case the clerk shall draw from the box as many more as may be required, and as often as required until a jury be obtained or the whole panel be exhausted; then the court shall order the sheriff to make up the deficiency as directed in this chapter."

Section 2247 provides, in part, as follows:

"If, in any criminal or penal cause or proceeding called for trial, the panel shall be exhausted by challenge, the judge may supply such jurors by drawing from the drum or wheel case, or may direct the sheriff to summon for the trial of that cause any number of bystanders or persons to fill such vacancies."

From these provisions it would seem that the action of the trial court in summoning bystanders after both the regular panel and the wheel case or drum had been exhausted was proper, but, whether proper or not, the error, if any, is not reviewable on appeal, in view of section 281, Criminal Code, which provides: "The decisions of the court upon challenges to the panel, and for cause, or upon motions to set aside an indictment, shall not be subject to exception," and of the uniform construction

given to that section by the decisions of this court. Harris v. Commonwealth 163 Ky. 781, 174 S. W. 476. A different rule applies in civil cases. L. & N. R. Co. & Jones v. Owens, 164 Ky. 557, 175 S. W. 1039.

Appellant next contends that his motion for arrest of judgment should have been sustained on the ground that the indictment was never returned or filed in court as required by section 121, Criminal Code, which provides:

> "The indictment must be presented by the foreman, in the presence of the grand jury, to the court and filed with the clerk, and remain in his office as a public record."

The basis of this contention is that the indictment was never indorsed by the clerk as having been presented by the foreman of the grand jury to the court in the presence of the grand jury and filed in open court. It must not be overlooked that the only ground upon which a judgment shall be arrested is that the facts stated in the indictment do not constitute a public offense within the jurisdiction of the court. Section 276, Criminal Code; Tully v. Commonwealth, 11 Bush 154, and that no such contention is made in this case. Not only so, but section 121, Criminal Code, is merely directory, and a strict compliance with its provisions is not essential to the validity of the accusation. Therefore, the omission of the clerk to make such entry did not render the indictment invalid. On the contrary, it could be shown that the indictment was returned into court as required by the Code, Pence v. Commonwealth, 95 Ky. 619, 26 S. W. 810, and the order of the court recites that this was done. Moreover, if appellant before his trial had brought to the attention of the court the fact that the indictment was not indorsed by the clerk, the omission could have been supplied at any time. Instead of filing a motion to set aside the indictment, he waived arraignment, pleaded "not guilty" and put himself upon the country, and, in view of this situation, the failure of the clerk to indorse the indictment will be deemed to have been waived, and can not be relied on as a ground for reversal. Patterson v. Commonwealth, 86 Ky. 313, 5 S. W. 387.

Judgment affirmed.