### Stevens v. Burgevin, Judge of Jefferson Circuit Court.

(Decided June 24, 1927.)

Appeal from Jefferson Circuit Court
(Criminal Division).

1.  Jury.—Summoning bystanders to fill vacancies in jury under Ky. Stats., section 2247, before regular panel provided for by sections 2241, 2243, 2245, was exhausted, held erroneous, in view of the ex-

press provision of statute specifying that judge may direct sheriff to summon extra jurors if panel is exhausted by challenge.

2. Prohibition.—An exception to the panel of jury is not appealable; only remedy being proceeding by writ of prohibition.

W. P. LINCOLN, JAMES P. EDWARDS and W. S. HEIDENBERG for plaintiff.

C. W. LOGAN for defendant.

OPINION OF THE COURT BY JUDGE McCANDLESS—Granting writ of prohibition.

The plaintiff is under indictment in the Jefferson circuit court on a charge of robbery. His case was assigned for trial on the 20th of June. On the 7th of June the trial judge drew from the drum or wheel case two lists of names to be summoned by the sheriff as jurors for the two weeks' term beginning June 13th. One styled the regular list contained 34 names of persons who were to be called first. The second or supplementary list contained 22 names, a sufficient number of whom were to be called to fill the panel if the first list was insufficient for that purpose. Anticipating that the regular panel so drawn would be exhausted in the trial of the Stevens case, he also directed the sheriff to summon a special venire of 56 bystanders to attend and be present at the calling of the case for trial and to be called as jurors after the regular panel was exhausted if the jury was not completed from such panel. It does not appear when this order was made, but the record discloses that the bystanders' venire was summoned prior to June 17th. At the calling of the case 15 regular jurors were present, and the trial judge drew 19 additional names from the wheel to fill the regular panel. Also at that time the bystanders' venire was in attendance. Simultaneously therewith plaintiff filed his petition in this court in which he seeks to prohibit the defendant as judge of the circuit court from using the names of any of the persons composing the bystanders' venire as jurors in his trial, it being asserted among other things that the defendant as judge of the court selected the bystanders' venire and designated the names appearing in that list and directed the sheriff to summon them as jurors. It is also alleged that the persons so selected all belong to the same class of society and are engaged in practically the same pursuits and that 17 out of the 56 so summoned were selected from one club of which the commonwealth's attorney is a prominent

member, and that they were designedly so selected in order to prevent him having a fair and impartial trial. The defendant entered his appearance to the action, and by his answer traversed the allegations of the petition, except he admits that he did in advance of the trial direct the sheriff to summon a bystanders' jury having the statutory qualifications of jurors and that this was done. He further insists upon his right to do this and does not disclaim an intention of using the names of the persons so summoned as jurors in the event the regular panel is exhausted.

In his efforts to procure a regular panel from the wheel the defendant exercised diligence and discretion, and his conduct in reference thereto is to be commended. Both he and the sheriff state that at no time did he designate, select, or suggest the names or class or type of persons to be summoned on the bystanders' venire, but only directed the sheriff to summon such persons as possessed the statutory qualifications of jurors. Plaintiff's attorneys state that in a conversation with the sheriff after the persons named in this list had been summoned the sheriff told them otherwise, but the court is of the opinion that the attorneys must have misunderstood or misinterpreted the sheriff's statements, and absolves the defendant from any connection with the selection of the names.

The crucial question is the action of the court in ordering the sheriff in advance of the trial to select a bystander venire and have them present as bystanders, waiting to be called if the occasion required. This is a matter regulated by statute. Section 2241, Kentucky Statutes, provides for the appointment of jury commissioners and contains a careful and minute plan for the selection of jurors and preserving their names in the jury wheel. Section 2243 provides the manner of drawing the jurors from the drum or wheel case. Section 2245 regulates the manner of preserving the integrity of the names in the jury wheel. Section 2247 regulates the impaneling of the jury and the summoning of bystanders to fill vacancies, the pertinent provisions of which are as follows:

"  .  .  . At the time of selecting the petit jurors from the list of names drawn from the drum or wheel case for that purpose, if there shall fail to attend, or there shall be excused by the court, for good cause, such a number as will not leave the num-

ber of jurors required, the judge shall draw from the drum or wheel case double the number of names to supply the places of such as are excused or fail to attend, and the jurors so drawn shall be summoned by the sheriff, and if any of those so drawn and summoned be likewise excused or fail to attend, the judge shall again draw from the drum or wheel case double the number of names to supply their places, and so on until the requisite number is obtained, and if, at any time during the term, it becomes necessary to supply one or more jurors, double the number of names necessary for supplying their places shall be drawn from the drum or wheel case and summoned by the sheriff: Provided, that when the number of vacancies does not exceed three, the judge may direct the sheriff to summon bystanders to supply the vacancies.''

"If in any civil cause or proceeding called for trial the panel shall be exhausted by challenge, the judge may supply such jurors by drawing from the drum or wheel case, or may direct the sheriff to summon, for the trial of that cause, not exceeding three bystanders to fill such vacancies.

''If, in any criminal or penal cause or proceeding called for trial, the panel shall be exhausted by challenge, the judge may supply such jurors by drawing from the drum or wheel case, or may direct the sheriff to summon for the trial of that cause any number of bystanders or persons to fill such vacancies.''

In civil cases, if for any reason the panel is depleted, the court is mandatorily required to draw from the drum or wheel case to supply vacancies, except that he may direct the sheriff to summon not exceeding three bystanders for that purpose, and in no case can he require the parties pending a peremptory challenge to accept a jury of 18 persons, with more than three bystanders upon it; 192 S. W. 482 (Brashears v. Combs, 174 Ky. 344), (L. & N. R. R. Co. v. Owens, 164 Ky. 557, 175 S. W. 1039; L. & N. R. R. Co. v. King, 161 Ky. 324, 170 S. W. 938; Imperial Jellico Co. v. Bryant, 168 Ky. 385, 182 S. W. 205), and the distinguished author of Gregory's Criminal Law, who was formerly judge of the Jefferson circuit court, criminal division, seems to apply the same rule as to criminal cases. See Gregory's Criminal Law

and Procedure, section 1034, p. 785. It will be observed, however, that while the statute explicitly forbids more than three bystanders to be summoned to fill vacancies in a civil cause, that as to criminal cases the language is different. In criminal trials if the panel is exhausted by challenge the judge is empowered to either draw from the wheel case or to direct the sheriff to summon any number of bystanders to fill the vacancy. There is no limitation as to the number of bystanders who may thus be summoned for that purpose (Thurman v. Commonwealth, 154 Ky. 555, 157 S. W. 919; Miracle v. Commonwealth, 148 Ky. 453, 146 S. W. 1136; GeBurk v. Commonwealth, 153 Ky. 264, 155 S. W. 381; Morgan v. Commonwealth, 172 Ky. 688, 189 S. W. 943). But the statute does not authorize such venire to be drawn or summoned before the regular panel is exhausted. Formerly it was the practice for large numbers of persons desiring to act as jurors to assemble at the courthouse or nearby points at the opening of court or at the trial of an important case in order to be summoned for jury service, and not infrequently they were so summoned. The dignity of the courts was lowered and in many instances justice prevented by this practice. To remedy this evil the Legislature enacted the elaborate provisions of our present statute, and among the carefully guarded provisions thereof the one just quoted specifically provides that the judge may direct the sheriff to summon extra jurors if the panel is exhausted by challenge. Manifestly this cannot be done unless the panel is exhausted. We think it equally evident that it was the intention of the Legislature for it not to be done until it was so exhausted, otherwise it would be in the power of the sheriff to have bystanders of his selection present and waiting to be called, and the beneficent purpose of the statute frustrated.

We also think it would be prejudicial to the substantial rights of appellant for them now to so serve. An exception to the panel of the jury is not appealable; hence the appellant's only remedy is in this character of proceeding. It follows that the plaintiff has manifested a right to the relief sought, and a writ of prohibition will issue against the defendant prohibiting his calling the names of any of the persons so selected on the bystanders' venire or from permitting them to serve as jurors on the trial of this case.

Whole court sitting, except Judge Sampson, who was absent.