## Williams et al. v. Commonwealth.

(Decided May 15, 1934.)

278

JNO. L. WILLIAMS for appellants.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS, Assistant Attorney General, for appellee

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

Jasper Williams and Paul Williams, father and son, were indicted by the grand jury of the Harlan circuit court, charged with the crime of willful murder committed by shooting and killing Isaac Simpson. On a trial before a jury they were found guilty; Jasper's punishment was fixed at confinement in the State Reformatory for a period of twenty-one years and Paul's for the rest of his natural life. They have appealed from the judgment of conviction and are here insisting the court erred in overruling their motion to quash the indictment and also in refusing to accord them a statutory jury and in the given instructions.

Section 158, Criminal Code of Practice, authorizes an indicted defendant to enter a motion to set aside the indictment for a substantial error in summoning or the formation of the grand jury.

Section 2241 provides:

"The circuit judge of each county shall at the first regular term of circuit court therein, after this act takes effect, and annually thereafter, appoint three intelligent and discreet housekeepers of the county over twenty-one years of age, resident in different portions of the county, and having no action in court requiring the intervention of a jury, as jury commissioners for one year, who shall be sworn in open court, to faithfully discharge their duty. * * * They shall take the last returned assessor's book for the county and from it shall carefully select from the intelligent, sober, discreet and impartial citizens, resident housekeepers in different portions of the county, over twenty-one years of age, the following number of names of such persons,"

according to the population for the ensuing year for jury services. This section sets out in detail the method they must use in selecting the names of the grand and petit jurors for the next term of court,

"and if, in doing this, the name of any person not qualified to act as grand juror is drawn, the same shall be returned to the drum or wheel case. Said names shall be drawn one by one, and only the names of those qualified shall be recorded on paper until the twenty-four are secured; and said list shall be certified, signed and enclosed by them in an envelope made of good paper, and it shall be sealed, and their names written across the seal thereof, and directed to the judge of the circuit court, added the words, 'criminal division,' when said circuit court is divided into branches, and endorsed, 'A list of the grand jury for the ——— circuit court to be held in the month of ——— in the year ———,' adding the words, 'criminal division' after the words, 'circuit court,' when there are branches of the circuit court from which list the next grand jury for said county shall be impaneled as hereinafter directed. After completing the list of grand jurors, they shall lock said drum or wheel case and revolve or shake it so as to thoroughly mix the slips remaining therein, and then unlock the same and draw therefrom, one by one, the names of not less than thirty nor more than thirty-six persons, as the judge of the court may direct * * *."

A statutory grand jury is one drawn and impaneled in the manner and as required by sections 2241 and 2243.

A regular panel of petit jury consists of not less than twenty-four nor more than thirty jurors selected from the thirty-six names on the last-returned assessor's book, drawn from the jury wheel as provided by section 2243, Ky. Statutes. Stone v. Saunders, 106 Ky. 904, 51 S. W. 788, 21 Ky. Law Rep. 534.

Section 2247 provides: Bystanders may be selected for grand jury service when the list drawn from the wheel shall have been exhausted as therein permitted, "provided, That if the vacancies to be supplied do not exceed three, the judge may, in his discretion, direct the sheriff to summon bystanders to supply the vacancies." Likewise it authorizes the selection of bystanders for petit jury services "if any of those so drawn and summoned be likewise excused or fail to attend, the judge shall again draw from the drum or wheel case double the number of names to supply their places, and so on until the requisite number is obtained, and if, at any time during the term, it becomes necessary one or more jurors, double the number of names necessary for supplying their places shall be drawn from the drum or wheel case and summoned by the sheriff: Provided, That when the number of vacancies does not exceed three, the judge may direct the sheriff to summon bystanders to supply the vacancies."

With this summary of the provisions of the statutes, we shall proceed to review the actions of the trial court.

Before the prosecution was called for trial, the Williamses entered a motion to set aside and quash the indictment, basing it upon affidavits merely reciting the defendants "are informed, believe and allege the grand jury which returned the indictment against them, was not drawn from the wheel and their names announced publicly as required by law." With no more before the court than this indefinite, speculative statement, the court properly overruled their motion to quash the indictment.

On the calling of the prosecution for trial, they waived formal arraignment and respectively entered a plea of not guilty. And immediately they challenged the array or panel of the petit jury on the ground there

were only twenty-two petit jurors on the regular panel, and of these, the names of two were not on the last returned assessor's book for the county. The challenge was supported by their own affidavits and the affidavit of Hiram Hensley, the tax commissioner of the county. These affidavits were not denied by counter affidavits or otherwise.

The order of court disposing of their challnege of the panel, and showing their objections to the impaneling of the jury and the actions of the court in respect thereto, reads:

"At the beginning of the selection of the jury, the defendants entered their objection to being forced into trial with only twenty-two jurors of the regular panel in court, from which to select their jury. The court overruled this objection, to which the defendant excepted, and directed the sheriff to summon three bystanders to complete the panel, one of whom excused himself, and the sheriff was directed to summon another, all of whom qualified, and all of whom were examined by the commonwealth and defendants as to qualifications. Whereupon a list was submitted to the commonwealth's attorney and one of the bystanders, Mr. Scott, was peremptorily challenged by the commonwealth and excused. In the meanwhile, twelve other jurors of the regular panel came into court and the selection of the jury was proceeded with from said twelve of the regular panel. During the selection of the jury and at both the times, the court instructed the sheriff to summon bystanders for the jury. The defendants objected to any bystanders being summoned and the court overruled said objection, to which defendants excepted. Thereupon they moved the court to draw extra jurors from the wheel at both times, which motion the court overruled and defendants excepted. Defendants then moved the court at the first time said three bystanders were selected, to wait until twelve men out, were in the courtroom before going on with the selection of the jury, and the court overruled this motion, to which defendant excepted, and both of said times, the defendants moved the court to instruct the sheriff to go outside the courtroom to summon bystander jurors, which the court overruled and the defendants excepted. Also during the selection of the jury, the defendants chal-

lenged the following jurors: Robert Mullins and B. B. Thurman.''

It is our opinion that section 2241, requiring the jury commissioners to take the names of those carefully selected by them for jury services for the next ensuing year, from the last returned assessor's book, means that to be eligible for jury services, the names of the jurors selected by the commissioners must be on the last-returned assessor's book. The object of this provision is to prevent the drum or wheel case being filled with the names of jurors composed of the wives, relatives, friends, and particular associations of the jury commissioners. This requirement of the statute may not be disregarded by the jury commissioners, and if it is overlooked or for any reason not complied with by them, upon the court's attention being called thereto, supported by adequate evidence of the omission, the court should promptly excuse those jurors whose names are not on the last-returned assessor's book.

The provisions of the statutes requiring the judge of the court to draw in open court names for jury services and to announce publicly the lists of grand and petit jurors so drawn, are no less essential than the other provisions dealing with the subject of selecting, drawing, and impaneling a jury. The statute deprives the judge of the court of the right to draw and enter of record the list of jurors in the order they were drawn at any other time or place at his convenience, other than in open court; that is, between the opening and closing of court on the day during which he draws from the drum or wheel case the lists of grand and petit jurors for the next term of court.

It is as much the duty of the judge of the court to know and to require the jury commissioners to discharge their statutory duties respecting the filling of the drum or wheel case, the drawing and making and returning the lists of grand and petit jurors, as it is his duty to perform any and all other duties enjoined upon him by the law and a sincere, honest desire to faithfully discharge all of his duties.

Upon the filing of the affidavits of the Williamses and the tax commissioner, disclosing that the names of the two members of the regular petit jury were not on the last-returned assessor's book, the court properly

discharged them on the ground of ineligibility for jury services. At that time there were in attendance only twenty members of the regular panel of the petit jury —eight in the courtroom and twelve in the jury room considering the cause theretofore submitted to them— the excusing of the two leaving only twenty members of the regular panel. The statute expressly requiring the enitre panel to be composed of not less than twenty-four jurors, and only twenty of them thus being on the list, the court was without statutory authority to fill the panel from bystanders.

On the voir dire examination, B. B. Thurman stated he was akin to the deceased. The rule is where a juror recognizes his relation, he should be excused. Miller v. Com., 203 Ky. 437, 262 S. W. 579. The court improperly overruled a challenge because of his relation to the deceased.

In both civil and criminal cases "if for any reason the panel is depleted, the court is mandatorily required to draw from the drum or wheel case to supply vacancies, except the court may direct the sheriff to summon not exceeding three bystanders for that purpose, but in neither a civil nor criminal case can he require the parties without their consent, to begin the voir dire examination with less than 24 members on the list of the petit jury containing more than three bystanders." Brashears v. Combs, 174 Ky. 344, 192 S. W. 482; Louisville & N. R. R. Co. v. Owens, 164 Ky. 557, 175 S. W. 1039; Louisville & N. R. R. Co. v. King, 161 Ky. 324, 170 S. W. 938; Imperial Jellico Co. v. Bryant, 168 Ky. 385, 182 S. W. 205; Stevens v. Burgevin, Judge, 221 Ky. 86, 295 S. W. 1050; Martin v. Stumbo Elkhorn Coal Co., 216 Ky. 147, 287 S. W. 539.

There is a distinction, made so by the statutes, between supplying the petit jurors in case of vacancies in the regular panel for the trial of a civil cause or proceeding and in that of a criminal cause or proceeding. In a civil, the judge may supply such jurors by drawing from the drum or wheel case or direc the sheriff to summons "not exceeding three bystanders to fill such vacancies." In the trial of a criminal or penal cause or proceeding, if the vacancies do not exceed three, and the panel is exhausted by challenge, the judge may supply such jurors by drawing from the drum or wheel case, or may direct the sheriff to summon for the

trial of that cause any number of bystanders or persons to fill the vacancies. GeBurk v. Commonwealth, 153 Ky. 264, 155 S. W. 381; Thurman v. Commonwealth, 154 Ky. 555, 157 S. W. 919; Sloan v. Commonwealth, 211 Ky. 318, 277 S. W. 488; Smith v. Commonwealth, 217 Ky. 8, 288 S. W. 1059; Jennings v. Commonwealth, 239 Ky. 629, 40 S. W. (2d) 279.

Section 281, Criminal Code of Practice, as it was originally enacted and as amended by the Acts of 1910 (chapter 92), deprived this court of the power to review in any criminal prosecution, cause or proceeding the acts of the trial court, respecting the overruling of a motion to draw jurors from the wheel or ordering bystanders to be summoned as jurors. Leadingham v. Commonwealth, 182 Ky. 291, 206 S. W. 483; Harris v. Commonwealth, 214 Ky. 787, 283 S. W. 1063; Smith v. Commonwealth, 204 Ky. 435, 264 S. W. 1059. It also deprived this court of the authority to review the act of the jury commissioners placing in the drum or wheel case, for jury services, the names of persons whose names were not on the last returned assessor's book, and the act of the judge of the court failing or refusing to comply with the statute requiring the names of jurors to be drawn by him, publicly, in open court, by calling their names as and when drawn.

Since the amendment of 1932 this court may reverse for these, or any other error of the trial court, in the impaneling a jury or failing or refusing to provide a statutory jury, if demanded by the accused, and timely objections are made, supported by appropriate evidence, and proper exceptions are noted of record. See chapter 63, sec. 2, Acts 1932; Alsept v. Commonwealth, 245 Ky. 741, 54 S. W. (2d) 337.

The right and power to disregard any one of these statutory provisions do not lie within the privilege of the judge of the court. Every party to a civil action and every defendant to a criminal prosecution or cause or proceeding is entitled to a scrupulous, careful, honest, and fair endeavor on his part to fulfill every requirement of the statutes concerning the drawing, selecting, and impaneling a jury. The fair administration of the law, the law itself, public policy, and inexorable justice demand, when requested, a statutory jury be accorded in the trial of both civil and criminal causes.

The Williamses were not convicted before a statu-

tory jury. For this reason alone we are imperatively driven to reverse the judgment. It is the duty of the trial court without a motion or a request, in a criminal prosecution to instruct the jury, giving it all the law of the case. Lucas v. Commonwealth, 118 Ky. 818, 82 S. W. 440, 26 Ky. Law Rep. 740; Bardin v. Commonwealth, 191 Ky. 651, 231 S. W. 208; Wells v. Commonwealth, 195 Ky. 754, 243 S. W. 1032. If the evidence tends to entitle the accused to an instruction on the law as to self-defense or a defense of the home, or both, then it is the duty of the court to give an instruction defining the law of such defenses. Cook v. Commonwealth, 86 Ky. 663, 7 S. W. 155, 9 Ky. Law Rep. 829.

The evidence in behalf of the Williamses tended to show the deceased brought on the difficulty which resulted in his death, by endeavoring at the time he was killed to shoot into the home occupied by them, thereby endangering the lives of the inmates, and that his death was brought about in defense of their home and family. However, slight, and whatever weight should be given to the evidence tending to show the killing of the deceased resulted in these circumstances, the defendants were entitled to an additional instruction on the "defense of home and family." Watson v. Commonwealth, 132 Ky. 46, 116 S. W. 287; Cooper v. Commonwealth, 234 Ky. 56, 27 S. W. (2d) 405; Farmer v. Commonwealth, 234 Ky. 673, 28 S. W. (2d) 978; Haywood v. Commonwealth, 248 Ky. 569, 59 S. W. (2d) 531.

One juror was objected to because he was a civil officer. Inasmuch as this and other questions raised in the briefs may not occur on another trial, we do not deem it necessary to consider them.

Reserving all other questions without an expression of opinion, the judgment is reversed, with directions to award a new trial, consistent herewith.