COMMONWEALTH of Kentucky,
Movant,

v.

Robert Preston KARNES, Respondent.

No. 82–SC–981–DG.

Supreme Court of Kentucky.

Sept. 21, 1983.

Steven L. Beshear, Atty. Gen., Eileen Walsh, Mary D. Schoening, Asst. Attys. Gen., Frankfort, for movant.

Richard Nash, Louisville, for respondent.

## OPINION OF THE COURT.

After consideration of oral arguments and briefs, the opinion of the Court of Appeals by Judge Wintersheimer, as set forth below, is hereby adopted as the opinion of this court.

"The issue is whether the trial court committed reversible error in dismissing the case because of double jeopardy since the indictment was returned after the district court had assumed jurisdiction.

"On October 19, 1981, the Jefferson County Grand Jury indicted Karnes and charged him with second-degree robbery, receiving stolen property and being a persistent felony offender in the first degree. The indictment was signed by the Grand Jury foreman on October 19. It was presented to the circuit court the following morning on October 20, 1981, at approximately 11:30 A.M. Earlier that same day, at approximately 9:30 A.M., the district court reduced the charges to a misdemeanor and entered judgment of conviction thereon. The accused, his attorney, the prosecuting witnesses, the police officer, and the county attorney were all present in district court when the case was considered there. The Commonwealth Attorney appealed to the circuit court but the case was dismissed because of double jeopardy. This appeal followed.

"This Court affirms the judgment of the circuit court.

"Until such time as an indictment is reported to the circuit judge, the district court may exercise its jurisdiction and enter

**584**

any order or judgment it deems appropriate. The reporting of an indictment to the circuit judge is essential to the validity of that action.

"The district court has concurrent jurisdiction with the circuit court in regard to the offenses charged here. The district court had the authority to reduce the felony charges to a misdemeanor. *See* KRS 24A.110.

"Historically, the return of an indictment is an indispensable requirement to its validity. 41 Am.Jur.2d, *Indictment and Information,* § 22. In *Nicholas v. Thomas,* Ky., 382 S.W.2d 871 (1964), it was noted that an indictment is completed by return or delivery to the court. RCr 5.20 provides that the indictment must be returned in open court. Such a requirement is not simply ministerial in character. This is different from the case of *Smith v. Commonwealth,* 217 Ky. 8, 288 S.W. 1059 (1926), which held that an indictment was valid despite the absence of the clerk's signature. There the court found that the signature was not necessary and that the indictment was actually returned in open court.

"Under the circumstances here, the district court had jurisdiction and disposed of the case prior to the reporting of the indictment. *Commonwealth v. Hamblem,* Ky. App., 628 S.W.2d 345 (1981), is not applicable here.

"Consequently, the trial court was correct in dismissing the indictment because the matter had been disposed of by the district court.

\*     \*     \*

"The judgment is affirmed."

STEPHENS, C.J., and AKER, GANT, LEIBSON, STEPHENSON and VANCE, JJ., concur.