CASE 95—POWER OF SPECIAL JUDGE—JANUARY 24.

# Crane, &c., v. Brooke, &c.

APPEAL FROM KENTON CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.  REVERSED.

COURTS OF CONTINUOUS SESSION—SPECIAL JUDGE—TERM OF SERVICE.

Held:   In courts of continuous session the period of 60 days constitutes a term for all purposes for which terms are fixed, and therefore a special judge elected to try a particular case has no power to preside in the case after the expiration of 60 days from the time of his election.

W. H. MACKOY, ATTORNEY FOR APPELLANTS.

CLASSIFICATION OF QUESTIONS DISCUSSED AND AUTHORITIES CITED.

I

A special judge can not be elected to try a case until after the failure of the parties to agree upon an attorney for that purpose.  An effort to agree must appear as a condition precedent to the election of a special judge.  Ky. Stats., sec. 968; Ky. Central R. R. Co. v. Kenney, 4 Ky. Law Rep., 968, 971; Kennedy v. Com., 78 Ky., 447.

II.

A special judge must be elected by votes given *viva voce* and not by ballot.  The special judge in this case, having been elected by votes given by ballot, and not *viva voce*, over the objection of appellants, had no authority to preside as such.  Constitution of Ky., sec. 147; Bouvier's Law Dict., defining word "Representative;" Board of Park Com'rs. v. Common Council, 28 Mich., 244; Am. & Eng. Ency. Law, vol. 21, p. 16, note 2.

## III.

The term for which the special judge was elected having expired, he had no authority to act as such. In a court of continuous session sixty days is a term. Ky. Stats., sec. 968; Childers v. Little, 96 Ky., 376; Small v. Reeves, 20 Ky. Law Rep., 504; Ky. Stats., secs. 997, 998 and 1017.

## IV.

There was error in that the election of special judge, in this case, took place at an unusual hour, before the time fixed for the convening of the court and before the court did convene on that day, and before the members of the bar had assembled, when only a small number of attorneys were present. Ky. Stats., sec. 968.

## V.

There was error committed, to prejudice of appellants, in requiring them to try this case when it had not been noticed for trial as required by rules of lower court. See rules 21 and 22 of Kenton Circuit Court, forming part of bill of exceptions in this case.

## VI.

There was error in overruling motion of appellants for a continuance of the case upon the ground of the absence of a material witness, especially as this case had not been noticed for trial as required by the rules of the lower court.

## VII.

There was error in this case in overruling the motion of appellants for a transfer of the cause to the equity side of the docket.

## VIII.

There was error in admitting the testimony referred to in the brief under this head.

## IX.

Instruction No. 3, given to the jury by the court at the request of the defendants was erroneous, misleading, confusing and inconsistent with instructions Nos. 1 and 2 previously given. Burke v. Shannon, 19 Ky. Law Rep., 1171; Hagins v. Combs, 19 Ky. Law Rep., 1165, 1166.

## X.

The verdict in this case was palpably against the great weight of evidence.

## XI.

The trial of this case and the verdict and judgment therein were premature, said trial being had and said verdict and judgment rendered before the former verdict and judgment in said case had been set aside.

WALKER C. HALL, ATTORNEY FOR APPELLEES.

The reasons urged for a reversal are not only technical, but some of them are even trivial.

1. It is urged that a special judge can not be elected until after the failure of the parties to agree upon some one to sit, and that the record must show this.

The court probably knows that no two Kenton county attorneys ever agree upon anything, and as the record shows that all the attorneys for all the parties were present at the two attempts to elect a special judge, they would certainly have announced an agreement if any had been made.

2. The second objection is that the election of the special judge was by ballot and not *viva voce*. We think this is error.

3. It is claimed that the term for which the special judge was elected had expired, and therefore he had no right to try the case. This is a court of continuous session, but for some purpose sixty days is made a term; but it is not reasonable to believe that the law contemplates that when the regular judge is disqualified from trying a case and a special judge is elected to do so there must be an election every sixty days.

4. Another objection is that the special judge was not elected to try this case, but another one. There were two cases of the same style and of different numbers. The clerk simply confused the numbers. Everybody understood that this case was the one to be tried, but the eagle eye of appellant's attorney, always on the alert for an objection, discovered the confusion in the numbers.

OPINION OF THE COURT BY JUDGE BURNAM—-REVERSING.

This is an appeal from the Kenton Circuit Court. In the motion and grounds for a new trial filed in the court below numerous errors were complained of. The third, fourth, and sixth grounds relied on were, viz.: "(3) Because of error committed, in that J. L. Elliston, who presided as special judge, had no power or authority to try this case, nor to hold court, nor to preside in the trial thereof. (4) Because of error committed, in that J. L. Elliston, who assumed to and acted as special judge in the trial of this case, was never elected a special judge for the trial of this case, but the election under which he assumed to and did

act was held in another and different case, namely, No. 8,649 of this court, having the same title of 'C. Crane & Co. v. W. M. Brooke,' etc." "(6) Because of error committed, in that said J. L. Elliston, who assumed to and did hold court and preside in the trial of this case, assumed to do so under an election held on May 28, 1898, in said case No. 8,649 of this court, and the time for which he was elected, if elected, had expired long before the trial of this case, No. 8,565, on the docket of the Kenton Circuit Court."

It appears from the record that this case was called for trial on May 23, 1898, and the regular judge of the Kenton Circuit Court, having previously to his election as judge, been employed as attorney in the case, declined to preside; and, the parties failing to agree upon a special judge, the members of the bar present proceeded to elect a judge to try the case. Two ballots were taken, but no election had, and the clerk of the court, through his deputy, continued the election until a specified hour on the 28th of May following. On the day and hour specified the clerk held an election for such special judge to preside in the trial of the case, and J. L. Elliston, Esq., a member of the Kenton county bar, was elected. Thereupon Elliston appeared, and took the oath prescribed by law for a special judge. The case was not tried at that term of the court, but was continued and set for trial on the 11th of October. On that day the case was remanded, and in the following March it was set for trial on the 3d of April, 1899. At the sitting of the court on April 3, 1899, the plaintiff filed the following objection: "Plaintiff says that J. L. Elliston has no legal power or authority to hold court, nor to act as special judge in this case, the term at which he was elected a special judge having long since expired; and it objects to his holding the court and presiding in the trial

of said case." This objection was overruled, to which plaintiff objected and excepted.

The Kenton Circuit Court is a court of continuous session, but not a court of continuous term. For all purposes for which terms are fixed, the period of sixty days constitutes a term. Section 988 of the Kentucky Statutes gives such courts "control over its judgment for sixty days, as circuit courts have over their judgments during the terms in which they are rendered." And section 968 of the Kentucky Statutes is as follows: "When, for any cause, the judge of the circuit court fails to attend, or being in attendance, can not properly preside in an action, proceeding or prosecution pending in said court, or if either party shall file with the clerk of the court his affidavit that the judge will not afford him a fair and impartial trial, or will not impartially decide an application for a change of venue, the parties, by agreement, may elect one of the attorneys of the court to preside on the trial, or hear the application, or hold court for the occasion; and on their failure to agree upon an attorney, the attorneys of the court who are present and not interested, not employed in the cause, shall elect an attorney of the court, then in attendance, having qualifications of a circuit judge, to hold the court for the occasion, who shall preside accordingly; and the judge so elected shall preside in all cases called during the term in the absence of the regular judge, or in which he can not preside, except in those cases in which the special judge can not properly preside."

In construing this provision of the statute in Childers v. Little, 96 Ky., 376, (29 S. W., 319), it was held that "special judge elected to try such cases as the regular judge could not properly try at a particular term, had no power to render judgment in a case at the next term."

And in Small v. Reeves (Ky.), 46 S. W., 726, the court re-affirmed the conclusions reached in the Childers v. Little Case, and said: "The special judge had no authority to act as judge in the case after the expiration of the term at which he was elected. The statutory provision that the judge so elected shall preside in all cases called during the term applies not only to other cases in which the regular judge can not preside, but to the case in which the special judge was elected, and indicates an intention to fix a defi-nite term beyond which judicial power can not be exercised by a special judge."

It is evident from the decisions in these cases that no special judge could serve in a court of continuous session for more than sixty days from and after the time of his election, unless he should be re-elected, or the parties to the case should try it before him, after the expiration of the sixty days, without objection. It follows that Special Judge Elliston had no authority, then, to try the case, and erred in failing to vacate the bench when objection was made to his presiding in the trial.

Numerous other errors are complained of, but, as they are not likely to again occur in the trial of this case, it will be unnecessary for us to consider them. But for the reason indicated the judgment is reversed, and the case remanded for a new trial, and for proceedings consistent with this opinion.