In the Matter of WILLIAM P. McDONALD, Petitioner, against CHARLES S. COLDEN, as Judge of the County Court of the County of Queens, Respondent.

Supreme Court, Special Term, Queens County, March 20, 1943.

Nathaniel L. Goldstein, Attorney-General (William J. Cahill of counsel), for respondent.

Littleton & Levy for petitioner.

RUBENSTEIN, J. Respondent moves, in pursuance of section 1293 of the Civil Practice Act, to dismiss the petition as a matter of law.

The facts set forth in such petition may be summarized as follows: William P. McDonald was subpœnaed to appear before the Grand Jury for the September, 1940, term of the Queens County Court on November 5, 1942, at 8:30 P. M., as a witness in a criminal action allegedly being prosecuted by the People of the State of New York against " John Doe " and " Richard Roe ". At the time and place specified in the subpœna petitioner appeared before the said Grand Jury, but upon advice of counsel declined to be sworn or testify, upon the ground that the said Grand Jury was not legally or duly constituted and was without power to administer a legal oath or to confer upon him the immunity to which he would otherwise be entitled under the law by virtue of any testimony which he might give. Thereafter, upon application of the foreman of the said alleged Grand Jury, pursuant to section 750 of the Judiciary Law and after a hearing before Honorable CHARLES S. COLDEN, the respondent herein, then a Judge of the Queens County Court, at which hearing evidence was adduced by both parties, petitioner was adjudged guilty of a criminal contempt of court

for contumacious and unlawful refusal as a witness to answer legal and proper interrogatories and questions.

Subsequently petitioner instituted this proceeding under article 78 of the Civil Practice Act for a review of such determination. The respondent now moves to dismiss the petitioner's application as a matter of law.

The petition sets forth in detail the grounds upon which the petitioner challenges the validity of the order adjudicating him guilty of criminal contempt. It appears therefrom that a Grand Jury was duly empanelled by the Queens County Court for the month of September, 1940. On September 30, 1940, by an entry in the Clerk's minutes, the said term was duly continued for the months of October, November, and December, 1940, and the term of the said Grand Jury was continued until further order of the court. On December 19, 1940, by a further entry in the Clerk's minutes, said September, 1940, term was further continued during the months of January and February, 1941, and until further order of the court. Thereafter and on February 25, 1941, an order was made by the said Honorable CHARLES S. COLDEN, as a Judge of said County Court, directing the Clerk of the County of Queens to summon ten additional grand jurors to attend and appear at the September term of the County Court, Queens County, on the 6th day of March, 1941. On the latter date ten designated persons were sworn in as members of the September, 1940, Grand Jury, and by an entry in the Clerk's minutes of the said County Court of the County of Queens the said Grand Jury was ordered continued until further order of the court.

Based upon these facts, it is the contention of the petitioner that the September, 1940, term of the Queens County Court expired at the end of the month of February, 1941, and that the attempted continuation on March 6, 1941, " until further order of the court " was invalid and ineffective.

The petition, for the purposes of this motion, must be accepted as true and should be liberally construed. (Civ. Prac. Act, § 275; *Matter of Schwab* v. *McElligott*, 282 N. Y. 182, 185, 186.)

Ordinarily the September term of the court and the Grand Jury would have terminated when the new term began (*People* v. *Sullivan*, 115 N. Y. 185, 190; Code Crim. Pro. § 251), but, as both sides concede, it was properly adjourned when by an entry in the Clerk's minutes on December 19, 1940, it was further continued during the months of January and February, 1941, and until further order of the court. Beyond that date, however, petitioner asserts that the Grand Jury was *functus*

*officio.* The procedure to be followed for the continuation of a term of a court of record is prescribed by section 7 of the Judiciary Law, which reads as follows: " Any term of a court of record may be adjourned from day to day, or to a specified future day, by an entry in the minutes. Any judge of the court may so adjourn a term thereof, in the absence of a sufficient number of judges to hold the term." That compliance must be had with the foregoing provision was so held in *Matter of Reynolds* v. *Cropsey* (241 N. Y. 389). There the court, in discussing the effect of an adjournment " until further order of court ", stated, at pages 395 and 398:

" The days upon which the courts are to sit and terms to be held are a matter of public concern as to which the public should have some notice and especially litigants. This is fully accomplished when section 7 of the Judiciary Law is complied with and the courts are adjourned from day to day or to a specified future day stated in the minutes. This is the only way in which courts can properly and fairly be conducted. * * *

" There is no mere magic in the words ' *sine die;* ' the same result follows when the court adjourns or continues without day subject to the call of the judge. The term ends. * * *

" We must look beyond this particular case and declare the law as applicable to all terms of court; they must have a definite time of beginning and as far as possible some definite time for ending; terms cannot continue indefinitely without business, to be revived in the discretion of a judge. This seems reasonable and so far as we can see the only way in which the trial of cases and proceedings in court can be properly and orderly conducted."

So here the allegations of the petition bring this case within the purview of the court's holding in the *Reynolds* case in that, so far as the petition shows, no proper entries were made either in the minutes of the court or of the Grand Jury to continue the term beyond February, 1941, as prescribed by section 7 of the Judiciary Law. The opinion in *Matter of Reynolds* v. *Cropsey* (*supra*) does state that the surrounding circumstances and conditions may indicate that such an entry was a mistake and further that no such effect was intended by the use of the words " until further order of court." As a matter of fact, in the later case of *People ex rel. Gracy* v. *Strohson* (127 Misc. 199, affd. 217 App. Div. 750) the court held that even though those words were used, the surrounding circumstances revealed that the court

was properly in session when the indictments were found. It may well be too that the records of the County Court of Queens will show that such was also the fact in the case at bar, but in passing upon the sufficiency of the petition this court may not consider those records nor may it take judicial notice of them. (*Zimit* v. *Chaitman*, 178 App. Div. 906.) This court is of the opinion that the facts contained in those records should be set up and interposed by way of an answer to this proceeding.

Until such time as all the facts are before the court it is unnecessary to determine whether the order directing additional grand jurors to be summoned for March 6, 1941, will have a bearing upon the ultimate issues. Respondent's contention that the Grand Jury, assuming that it did become *functus officio,* nevertheless continued to be a *de facto* Grand Jury is without merit. It has been pointed out in the case of *People* v. *Nugent* (57 App. Div. 542) that the decision in *People* v. *Petrea* (92 N. Y. 128) has no application where it is shown that the term of the court is not properly convened or continued, such as is the claim in the present case.

In view of the foregoing, the motion to dismiss the petition must be denied. However, respondent is given ten days after service of an order and notice of entry to answer, after which the entire proceeding will be referred to the Appellate Division for its determination, in pursuance of section 1296 of the Civil Practice Act. Submit order.