## Parker v. Commonwealth.

Sept. 29, 1944.

J. A. Flowers and Hile Pritchard for appellant.

Eldon S. Dummit, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY PERRY, COMMISSIONER—
Reversing.

The appellant, Frank Parker, was indicted by the grand jury of the Clinton circuit court, charged with the willful murder of Jasper Dickerson, by hitting and striking him upon the head with a mattock, a deadly weapon, from which he did die within a day or so thereafter.

Upon trial on the charge, the appellant was convicted of the offense of voluntary manslaughter and sentenced to confinement in the penitentiary for a period of eleven years.

From that judgment of conviction this appeal is prosecuted, seeking a reversal on two grounds: (1) That the court erred in overruling the defendant's motion to quash the indictment and (2) because the court erred in overruling the defendant's motion for a continuance of the cause.

Counsel for appellant very earnestly contend that appellant's motion to quash the indictment, made upon his arraignment upon the call of the case for trial and before other plea was entered, should have been sustained for the reason that the indictment, accusing appellant of the murder of Dickerson, was not issued by a "statutory grand jury," in that it was not selected by the jury commissioners in accordance with the claimed mandatory provisions of section 2241, Kentucky Statutes

(29.070 KRS), prescribing the manner and method of their selection.

By section 157 of the Criminal Code of Practice, a defendant upon arraignment must either move to set aside the indictment or plead thereto. Appellant, in compliance with the requirement of the code, did upon his arraignment properly and timely move that the indictment be set aside and quashed, and it is therefore clear that he never waived any error there was in the challenged formation of the grand jury which indicted him. Sloan v. Commonwealth, 211 Ky. 318, 277 S. W. 488; Taylor v. Commonwealth, 90 S. W. 581, 584, 28 Ky. Law Rep. 819; Smith v. Commonwealth, Ky., 91 S. W. 742.

The complaint is earnestly made by appellant that he was not legally indicted by a "statutory grand jury," which is to be understood and construed as meaning, as that term is defined in Williams v. Commonwealth, 254 Ky. 277, 71 S. W. 2d 626, 627, by "[a] grand jury * * * drawn and empaneled in the manner and as required by sections 2241 and 2243" and also 2248, Kentucky Statutes, now respectively sections 29.070, 29.130 and 29.010 KRS.

Section 2241, Kentucky Statutes (29.070 KRS), prescribes as the proper method and manner to be followed in the selection and formation of a grand jury, that:·

"The jury commissioners *shall take the last returned tax commissioner's book* for the county and from it shall carefully select from the intelligent, sober, discreet and impartial citizens, resident housekeepers in different portions of the county, over twenty-one years of age, the following number of names of such persons." (Emphasis ours.)

By section 2248, Kentucky Statutes (29.010 KRS), it is further provided that:

"A grand jury shall consist of twelve persons, each of whom must be a citizen and a housekeeper of the county in which he is called to serve and over the age of twenty-one years. * * * The fact that a person not qualified served on a grand jury shall not be cause for setting aside indictments found by such grand jury."

Further by section 158 of the Criminal Code of Practice it is provided that a motion to set aside an in-

dictment can only be made on the grounds therein stated, among which is the one here involved, "a substantial error in the summoning or formation of the grand jury."

The appellant, in the instant case, in harmony with these provisions of the code, did, upon his arraignment, make timely motion to set aside and quash the indictment returned against him on the ground therein stated, that there had been a substantial error in the formation of the grand jury; that it was improperly and illegally formed, in that two of the grand jurors, to-wit, Verna Blair and Juliet Perkins, who returned the indictment against appellant, were not selected by the jury commissioners in compliance with but in direct violation of the method prescribed by the above section (29.070 KRS, subd. 1), inasmuch as their names were put in the wheel notwithstanding they did not appear upon the last returned tax commissioner's book.

The commonwealth did not controvert the allegation or offer any contradictory proof that the names of the two jurors, Blair and Perkins, did appear on the last returned tax commissioner's book.

This same question here raised and presented by the appellant's motion, timely and properly made, to quash the indictment, has several times been presented and decided by this court.

In the case of Bain v. Commonwealth, 283 Ky. 18, 140 S. W. 2d 612, 614, this court said:

"In this case it is shown without contradiction that the names put into the jury wheel by the jury commissioners of Knox county were not taken from the required assessor's books as prescribed by the statute supra (section 2241), and from the names that were put into the wheel by the commissioners both the grand jury that found the instant indictment, and the petit jury tendered for the trial of the case, were selected. Hence the motion by appellant to quash the indictment against him, and the other one to quash the panel of the petit jury after the first one was overruled should each have been sustained in the absence of a showing by the commonwealth that the proof offered by defendant in establishment of the violations relied on by him were overcome by contradictory proof showing its falsity. No such contradictory proof was offered by the commonwealth and, we repeat, the court erred in not sustaining the motion

to quash the indictment and resubmit it to a properly selected grand jury, and again erred when it overruled appellant's motion to discharge the entire panel of the petit jury as based upon the same ground."

Also this same question was raised and in like way decided in the earlier case of Williams v. Commonwealth, 254 Ky. 277, 71 S. W. 2d 626, wherein the court, in construing the wording of this section 2241, Kentucky Statutes (29.070 KRS), as to whether its provisions were mandatory or only directory, said:

"It is our opinion that section 2241, requiring the jury commissioners to take the names of those carefully selected by them for jury services for the next ensuing year, from the last returned assessor's book, means that to be eligible for jury services, the names of the jurors selected by the commissioners must be on the last-returned assessor's book. The object of this provision is to prevent the drum or wheel case being filled with the names of jurors composed of the wives, relatives, friends, and particular associations of the jury commissioners. This requirement of the statute may not be disregarded by the jury commissioners, and if it is overlooked or for any reason not complied with by them, upon the court's attention being called thereto, supported by adequate evidence of the omission, the court should promptly excuse those jurors whose names are not on the last-returned assessor's book."

This court has very clearly, in these two cited cases and others, held that the provisions and requirements of section 2241 (29.070 KRS) are not merely directory but are of mandatory force in prescribing the one legal manner to be followed by the jury commission in its selection of grand and petit jurors, and must be substantially complied with, and that such compliance is mandatory, even though noncompliance may be waived by a party through failure to make proper objection at the proper time.

To like effect in the case of Taylor v. Commonwealth, 90 S. W. 581, 28 Ky Law Rep. 819, where it was claimed that the indictment should have been set aside due to error in the organization of the grand jury, this court held that unless the motion to set aside the indictment was made at the time the defendant was, as here it was, arraigned, it could not be made and such error, if any, must be waived.

Further, in the above cited Bain and Williams cases, it was said that:

"Since the amendment of 1932 this court may reverse for these, or any other error of the trial court, in the impaneling of a jury or failing or refusing to provide a statutory jury, if demanded by the accused, and timely objections are made, supported by appropriate evidence, and proper exceptions are noted of record."

To the same effect, see the holding of this court in the case of Louisville, H. & St. L. R. Co. v. Schwab, 127 Ky. 82, 105 S. W. 110, 112, where it was said:

"The record does not disclose that the members of the panel from which the jurors were selected to try the case were in any respect objectionable, and in this particular the substantial rights of appellants were not prejudiced by the rulings of the trial court; but, in a matter that strikes at the very foundation of our system of selecting jurors, we do not deem it material or necessary that any prejudicial error shall be made to appear, other than a substantial one committed in failing to select the juries in the manner pointed out in the statute."

See also State of Louisiana v. Kifer, 186 La. 674, 173 So. 169, and annotation in 110 A. L. R. 1017, wherein it was held that where the indictment upon which a conviction was had was found by an illegally impaneled grand jury, the conviction must be set aside.

We are therefore led to conclude, in view of and upon the authority of the decisions of this court upon the question here presented, that appellant was indicted by an illegally impaneled grand jury and consequently, in contemplation of law, there was no grand jury and hence no indictment upon which a legal conviction could be predicated.

Therefore the judgment is reversed with directions to set it aside and to sustain appellant's motion to quash the indictment and to resubmit it to another grand jury properly empaneled.