### Fugate v. Commonwealth

November 3, 1950.

S. M. Ward, Judge.

846

Napier & Napier for appellant.

A. E. Funk, Attorney General and Zeb A. Stewart, Assistant Attorney General, for appellee.

STANLEY, COMMISSIONER—Reversing.

The appeal is by Gordon Fugate from a conviction of voluntary manslaughter with the penalty fixed at twenty years and one day in the penitentiary.

The defendant made a timely and renewed motion to quash the indictment as invalid because of a substantial error in the summoning and formation of the grand jury which returned it. Sec. 158, Criminal Code of Practice. Seven members of the grand jury, whose names were drawn from the jury wheel, were not listed on the County Tax Commissioner's records. The law requires the jury commissioners in selecting names for jury service to "take the last returned tax commissioner's book for the county" and list the names therefrom. KRS 29.050, 29.070. That was not done, the Commissioners having thereby violated the law and obstructed justice.

We have consistently held through many years that every person is entitled to the right of having the grand jury which indicts him selected according to the law, and where that right was not recognized, as in the present case, it is the duty of the trial court to quash

the indictment unless the right is waived. Bain v. Commonwealth, 283 Ky. 18, 140 S.W.2d 612; Parker v. Commonwealth, 298 Ky. 204, 182 S.W.2d 653. The Attorney General concedes the error.

No other question raised on the appeal is considered.

Judgment reversed.