## HARROD v. WHALEY.

Court of Appeals of Kentucky.

Oct. 5, 1951.

Otis Harrod, pro se.

A. E. Funk, Atty. Gen., Walter Herdman, Asst. Atty. Gen., for appellee.

STANLEY, Commissioner.

Soon after we affirmed a judgment dismissing Otis Harrod's petition for a writ of habeas corpus, Harrod v. Whaley, Ky., 239 S.W.2d 480, he filed in the Jefferson Circuit Court a petition for a writ of error coram nobis. It was denied and Harrod appeals.

The story of the appellant's previous efforts to be delivered from the penalty of imprisonment for life as an habitual criminal upon conviction of his latest crime of storehouse breaking is fully recited in the foregoing opinion. The point upon which his pleas rest is that the indictment was defective in omitting to charge that the several prior crimes were committed in sequence and that error was carried through the instructions.

As stated in Harrod v. Whaley, supra, a petition for a writ of habeas corpus in this relation is a collateral attack upon the judgment of conviction, and to escape its effect by that process it must be shown that the judgment is absolutely void as a matter of law. The purpose of a writ of coram nobis, broadly stated, is "to revest the court with jurisdiction in an extreme emergency and permit inquiry into the important question of whether the judgment of conviction should be vacated because the defendant was unknowingly deprived of a defense which would have probably disproved his guilt and prevented his conviction, and if that probability be established to grant the defendant a new trial of the accusation." Anderson v. Buchanan, 292 Ky. 810, 819, 168 S.W.2d 48, 53. Though the purpose be broad, the scope of the writ is narrow. Thus, it is confined

to vacating a judgment of conviction for "errors of fact" for which the defendant was not to blame. Anderson v. Buchanan, supra.

In the present case, all that the petitioner was able to plead is an error of law which was not raised even on an appeal from the judgment of conviction. Harrod v. Commonwealth, 311 Ky. 810, 226 S.W.2d 4. It was but an irregularity in procedural law. No real injustice was done the defendant, for it appears as a matter of fact that the several crimes were committed by him one after another following previous convictions.

The appellant, who again represents himself, confuses several constitutional rights and the purposes of the constitutional provisions he invokes. The same were claimed in his habeas corpus proceeding. The only one applicable was that of denial of due process of law, and it was disposed of in his previous appeal, Harrod v. Whaley, supra, in which we said, "The appellant was convicted by due process of law; in fact, by all the processes which the Constitution and statutes provide, and his claim on this account is without merit."

Judgment is affirmed.