## KINDER v. COMMONWEALTH.

Court of Appeals of Kentucky.
June 25, 1954.

H. Clay Kauffman and Cecil C. Sanders, Lancaster, for appellant.

J. D. Buckman, Jr., Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

This appeal is prosecuted by George Kinder from a judgment dismissing his petition for a writ of error coram nobis. The ground urged by the appellant for the issuance of the writ was that he was denied his constitutional right to testify during his trial upon an indictment charging him with the crime of murder.

Appellant was convicted and sentenced to 14 years imprisonment for his participation in the killing of Pulaski County Sheriff, James B. Jasper. During his trial it was proven that Sheriff Jasper was slain by a pistol shot fired from an automobile occupied by two men whom the sheriff had caught making a delivery of moonshine whiskey near the city of Somerset.

Appellant, George Kinder, was jointly indicted with Willard Sprinkles for murder. In separate counts the indictment charged that appellant and other persons aided and abetted the killing and engaged in a conspiracy to kill Sheriff Jasper.

Willard Sprinkles was tried first and found guilty. We are informed that Sprinkles confessed to firing the fatal shot and testified that George Kinder was with him in the automobile on that occasion. However, on the subsequent trial of appellant, Sprinkles refused to answer questions concerning whether appellant was with him at the scene of the crime. It appears that counsel for appellant had advised Sprinkles not to testify at Kinder's trial.

The Commonwealth was unable to produce witnesses at appellant's trial who would testify that appellant was in the automobile with Sprinkles at the time Sheriff Jasper was shot. However, the Commonwealth was able to produce evidence that the automobile in question was owned by appellant and that appellant was seen riding therein in company with Sprinkles a few miles from the scene of the shooting just before and shortly after the shooting took place.

After his conviction appellant filed an action seeking a writ of error coram nobis in which he stated that he would have testified in his own defense if he had known that he had a right to do so, notwithstanding the fact that his attorney had advised him not to testify, and would have testified that he was not at the scene of the crime, and did not know that Sheriff Jasper had been shot until he was informed thereof on the next day. Appellant's affidavit stated in part:

"My attorney * * * advised me not to testify * * *. If I had been permitted to make my own decision I would have testified * * *."

The court sustained the motion of the Commonwealth to dismiss appellant's action since it did not state facts furnishing grounds for the issuance of the writ.

The scope of the writ of error coram nobis is confined to vacating a judgment of conviction for "errors of fact" for which the defendant was not to blame, and it does not lie to correct errors of law. Harrod v. Whaley, Ky., 242 S.W.2d 750. In the instant case appellant claims that he was denied a constitutional right because he was not informed that he had the right to testify in his own defense, even though his attorney advised him not to do so and did not introduce him as a witness. With this contention we cannot agree.

The purpose of the writ, broadly stated, is "to revest the court with jurisdiction in an extreme emergency and permit inquiry into the important question of

whether the judgment of conviction should be vacated because the defendant was unknowingly deprived of a defense which would have probably disproved his guilt * * *." Harrod v. Whaley, supra; Anderson v. Buchanan, 292 Ky. 810, 168 S.W. 2d 48. Appellant was not unknowingly deprived of a defense since he must be presumed to have acted on the advice of counsel, and he admits that he was advised not to testify. If his attorney did not counsel him to the best effect, appellant cannot rely on the error to obtain a writ of coram nobis. Spears v. Commonwealth, Ky., 253 S.W.2d 570. Appellant's evidence would have been merely a denial that he was present when the shot was fired, and a denial that he had anything to do with the killing. Such evidence would not have "probably disproved his guilt."

■ Appellant's trial attorney relied upon the Commonwealth being unable to sustain the burden of proof, since with Sprinkles' refusal to testify there was no witness who could identify the appellant as the other man in the automobile at the time the shot was fired. Apparently appellant's trial attorney concluded that it was not advisable to permit appellant to be subjected to cross-examination. The question of sufficiency of the Commonwealth's evidence to sustain the conviction is a matter to be raised on appeal.

■ While we recognize that appellant's contention is ingenuous, we shall not permit the attempted use of this extraordinary writ to be perverted to allow an accused to act on the advice of his counsel, and take his chance before a jury, and then when convicted, claim that he was denied his constitutional right to testify. Should we recognize such a claim, then in every criminal case the accused could merely not testify and, after conviction, claim he did not know he had the right to testify, and apply to the court for a writ of coram nobis. We will not sanction such a procedure.

We find that the court correctly dismissed the application for the writ.

Judgment affirmed.