■ In the Matter of FRANK LICHTENSTEIGER, Appellant, v. HOUSING AND DEVELOPMENT ADMINISTRATION, Respondent.— Judgment, Supreme Court, New York County, entered April 27, 1972, dismissing petition, unanimously reversed, on the law, without costs and without disbursements, and vacated, and the proceeding remanded to allow respondent to serve a responsive pleading. Petitioner in this article 78 proceeding, seeking the vacatur of his dismissal as an employee of the New York City Housing and Development Administration and reinstatement with back pay, alleges that his services were arbitrarily terminated solely because he testified before the city planning commission in his capacity as a member of his community planning board. There is no denial by the respondent of petitioner's factual allegations which at this point stand uncontradicted. Respondent moved to dismiss on the law. Although a person does not have a right to public employment, he may not be dismissed for a reason which violates his constitutional rights. (*Pickering* v. *Board of Educ.,* 391 U. S. 563; *Matter of Tischler* v. *Board of Educ.,* 37 A D 2d 261.) The rule has been restated most recently by the Supreme Court in *Perry* v. *Sindermann* (408 U. S. 593, 597) as follows: "For at least a quarter-century, this Court has made clear that even though a person has no 'right' to a valuable governmental benefit and even though the government may deny him the benefit for any number of reasons, there are some reasons upon which the government may not rely. It may not deny a benefit to a person on a basis that infringes his constitutionally protected interests— especially, his interest in freedom of speech. For if the government could deny a benefit to a person because of his constitutionally protected speech or associations, his exercise of those freedoms would in effect be penalized and inhibited." Petitioner alleges that he was exercising his First Amendment rights when he testified before the planning commission. His opinion on a public issue is protected under the First Amendment from punishment by a public employer as well as any other public party. (*Pickering* v. *Board of Educ., supra; Matter of Puentes* v. *Board of Educ.,* 24 N Y 2d 996; see, also, *Matter of Tepedino* v. *Dumpson,* 24 N Y 2d 705; *Muller* v. *Conlisk,* 429 F. 2d 901.) The petition states a prima facie case for relief; the facts therein stated are admitted for the purpose of the motion (*Matter of Schwab* v. *McElligott,* 282 N. Y. 182) and, furthermore, the allegations must be liberally construed and considered in their most favorable light in support of the petition. (*Matter of McDonald* v. *Colden,* 181 Misc. 407, affd. 267 App. Div. 881, affd. 294 N. Y. 172.) There being uncontroverted averments of fact presented by the petition which would support relief, summary dismissal before answer was improper. Concur— McGivern, J. P. Nunez, Kupferman, McNally and Eager, JJ.