John W. Sweeny, J.
This is an application in the nature of both a declaratory judgment action regarding the constitutionality of certain provisions of the Rules and Regulations of the Fire Department of the City of Middletown, and a CPLR article 78 proceeding prohibiting respondents from proceeding with an administrative hearing against petitioner on charges which are based upon an alleged violation of the rules and regulations in question.
Petitioner is the president of the Middletown Paid Firemen’s Association, Inc. On January 26, 1976, petitioner, in his capacity as president of this employees association, made a speech at a public hearing in the City of Newburgh in which he expressed some general criticism concerning the effectiveness of the fire protection system presently employed by the City of Middletown.
Section 7 of the Rules and Regulations of the Fire Department of the City of Middletown reads in part:
"Every paid fireman shall not:
"(m) discuss for publication, matters concerning the department, without the approval of the Board of Engineers,
"(n) deliver any address, lecture or speech on fire department matters on any occasion, without the approval of the Board of Engineers,
*979 "(s) furnish persons not connected with the department with any information relative to its business, except as may be authorized by the Board of Engineers. This does not prohibit explaining the departmental routine to visitors.”
On February 2, 1976, departmental disciplinary charges were brought against petitioner alleging that his January 26 speech had been in violation of the afore-mentioned provisions of section 7 of the rules.
At the outset, this court rejects respondents’ contention that the instant application of petitioner should be denied by the court because petitioner has not exhausted his administrative remedies. A genuine controversy exists concerning the constitutionality of the rules in question, and the fact that another but inadequate remedy exists will not justify a court’s refusal to entertain this present proceeding for declaratory relief (cf. Eager, The Declaratory Judgment Action, § 5).
This court believes that the previously quoted subdivisions (m), (n) and (s) of section 7 are not only overly broad but that they are in violation of petitioner’s constitutional right of freedom of speech.
While public employees such as petitioner may be subject to certain restrictions, they cannot be compelled to relinquish the First Amendment rights they would otherwise enjoy as citizens to comment on matters of public interest (Pickering v Board of Educ., 391 US 563). Since it is undisputed that fire protection for any municipality is a matter of grave public interest, the regulations in question appear to absolutely restrict petitioner’s right of free speech.
Since petitioner’s public statements were not directed against any individual superior, there is not even the suggestion that the issues of maintaining either discipline by superiors or harmony among coworkers are present in this case (cf. Pickering, supra, p 570).
Therefore, to the extent that the rules in question can be, and in petitioner’s case have been, used as a means of stifling what may be just criticism by a public servant concerning a matter of public concern (cf. Matter of Lichtensteiger v Housing & Development Administration, 40 AD2d 810), they are unconstitutional and cannot form the basis of the pending charges in question. Accordingly, the petition is granted.